IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QUINN A. RANSOM,

    Petitioner,

vs.                                              No. CIV 20-0130 JB/SCY

GARY MARICEL and the
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Quinn A. Ransom's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed February 13, 2020 (Doc. 1)("Petition"). Petitioner Quinn A. Ransom challenges his state burglary convictions based on speedy trial violations and ineffective assistance of counsel. Ransom is no longer in custody and has not shown cause why the Petition is not moot. Having reviewed applicable law and the record, the Court will dismiss the case without prejudice for failure to prosecute.

## FACTUAL AND PROCEDURAL BACKGROUND

Ransom filed this habeas proceeding on February 13, 2020. See Petition at 1. At the time, he was incarcerated at the Northeast New Mexico Correctional Facility ("NNMCF") in Clayton, New Mexico. See Petition at 1. The Petition challenges the following state criminal convictions: (i) two counts of automobile burglary in violation of N.M Stat. Ann. § 30-16-03(b); (ii) one count of attempted automobile burglary in violation of N.M. Stat. Ann. § 30-16-03(b); and (iii) one count of possession of burglary tools in violation of N.M. Stat. Ann. § 30-16-05. See Petition ¶ 5, at 1. A jury convicted Ransom of those charges on or about April 14, 2016. See

Petition ¶ 2, at 1-2.  The Petition alleges his state custody is unconstitutional, because he did not receive a speedy trial; trial counsel was ineffective; and trial counsel had a conflict.  See Petition ¶ 12, at 5-6, 7-9.

The Court referred the matter to the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, to make proposed findings and a recommended disposition and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed February 14, 2020 (Doc. 2)("Order Referring Case").  The Clerk's Office mailed a copy of the Order Referring Case to Ransom at NNMCF, but NNMCF returned the mailing as undeliverable with the notation "Return to Sender; No Longer UKA."  See Docket Text: Mail Returned As Undeliverable, filed February 24, 2020 (Doc. 3). On February 27, 2020, Magistrate Judge Yarbrough entered an Order to Cure Deficiencies (Doc. 4)(" Cure Order").  The Cure Order directed Ransom to update his address and either prepay the $5.00 filing fee or, alternatively, submit an application to proceed in forma pauperis.  See Cure Order at 1.  Ransom timely complied with both directives.  On March 11, 2020, he prepaid the $5.00 habeas fee and filed a Notice of Petitioner's Change of Address (Doc. 10)("Notice").  The Notice states: "This motion is to alert the Court of Petitioner['s] change of address to address; 6231 Gibson Blvd. SE apt # 229[,] Albuquerque, NM 87108.  Petitioner was released from Clayton[']s Detention Facility [on] February 17, 2020."  Notice at 1.

The Notice plainly indicates that Ransom is no longer "in custody," and thus it appears that relief may be unavailable under 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(a).  Accordingly, on March 16, 2020, Magistrate Judge Yarbrough entered an Order to Show Cause, (Doc. 11)("Show Cause Order").  Magistrate Judge Yarbrough ordered Ransom to show cause, if any,

why the Court should not dismiss his habeas proceeding.  See Show Cause Order at 2.  The Order warned that, if "Ransom concedes the point or otherwise fails to show-cause, the Court will dismiss the petition without further notice."  Show Cause Order at 2.  The show-cause deadline was April 15, 2020.  Ransom did not file a response as Magistrate Judge Yarbrough directed.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a

significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.  Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the litigant's culpability; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; (v) and lesser sanctions' efficacy.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.

Here, Ransom is no longer in custody, and he has failed to show cause why the Court should not dismiss this case.  Thus, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.

**IT IS ORDERED** that: (i) the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed February 13, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Quinn A. Ransom
Albuquerque, New Mexico

    *Pro se petitioner*