IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QUINN A. RANSOM,

     Petitioner,

vs.                                           No. CIV 20-0130 JB/SCY

GARY MARICEL, Warden and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Extension to File Petition to Show Cause, filed April 20, 2020 (Doc. 15)("Motion").  Plaintiff Quinn A. Ransom appears to seek reconsideration of the Memorandum Opinion and Order, filed April 20, 2020 (Doc. 13)("MOO"), dismissing his habeas action as moot, and for failure to prosecute, see Motion at 1; MOO at 4.  Because Ransom does not demonstrate good grounds for reconsideration, the Court denies the Motion.

## BACKGROUND

Ransom initiated this action on February 13, 2020, by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.  See Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed February 13, 2020 (Doc. 1)("Petition").  At the time, he was incarcerated at the Northeast New Mexico Correctional Facility ("Northeast Correctional") in Clayton, New Mexico.  See Petition at 38.  The Petition challenges the following three state criminal convictions: (i) two counts of automobile burglary in violation of N.M.S.A. § 30-16-03(b); (ii) attempted automobile burglary in violation of N.M.S.A. § 30-16-03(b); and (iii) possession of burglary tools in violation

of N.M.S.A. § 30-16-05.   <u>See</u> Petition ¶ 5, at 1.   A jury convicted Ransom of those charges on or about April 14, 2016.   <u>See</u> Petition ¶ 6, at 1.   In the Petition, Ransom alleges that his state custody is unconstitutional, because he did not receive a speedy trial, trial counsel was ineffective, and trial counsel had a conflict.   <u>See</u> Petition ¶ 12, at 5-9.

The Court referred the matter to the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, to make proposed findings and a recommended disposition, and to enter non-dispositive orders.   <u>See</u> Order of Reference in Prisoner Cases (Doc. 2)("Referral Order").   The Clerk's Office mailed a copy of the Referral Order to Ransom at Northeast Correctional, but Northeast Correctional returned the mailing as undeliverable with the notation "Return to Sender; No Longer UKA."   Mail Returned As Undeliverable (dated Feb. 24, 2020), filed February 24, 2020 (Doc. 3).   On February 27, 2020, Magistrate Judge Yarbrough entered an Order to Cure Deficiencies.   <u>See</u> Order to Cure Deficiencies, filed February 27, 2020 (Doc. 4)("Cure Order").   The Cure Order directs Ransom to update his address and either prepay the five-dollar filing fee or, alternatively, to submit an application to proceed in forma pauperis.   <u>See</u> Cure Order at 1.   Ransom timely complied with both directives.   On March 11, 2020, he prepaid the five-dollar habeas fee and filed a Notice of Petitioner's Change of Address (Doc. 10)("Notice").   The Notice states: "This motion is to alert the Court of Petitioner's change of address to address: 6231 Gibson Blvd. SE apt # 229[,] Albuquerque, NM 87108.   Petitioner was released from Clayton[']s Detention Facility [on] February 17, 2020."   Notice at 1.

The Notice indicates Ransom is no longer "in custody" in violation of the Constitution of the United States of America.   28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment

of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Accordingly, on March 16, 2020, Magistrate Judge Yarbrough ordered Ransom to show cause, if any, why the Court should not dismiss this habeas proceeding as moot. See Order to Show Cause at 2, filed March 16, 2020 (Doc. 11)("Show Cause Order"). The Show Cause Order warns that, if "Ransom concedes the point or otherwise fails to show-cause, the Court will dismiss the petition without further notice." Order to Show Cause at 2. The show-cause deadline was April 15, 2020. Ransom did not file a response as Magistrate Judge Yarbrough directed. The Postal Service returned the Show Cause Order as undeliverable, reflecting that Ransom again severed contact without notifying the Court of his current address.

On April 20, 2020, the Court entered the MOO dismissing this case along with a Final Judgment. See MOO at 4; Final Judgment at 1, filed April 20, 2020 (Doc. 14). The Court observed:

> Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).
>
> "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a

- 3 -

significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.   Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the litigant's culpability; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; (v) and lesser sanctions' efficacy. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.

Here, Ransom is no longer in custody, and he has failed to show cause why the Court should not dismiss this case. Thus, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.

See MOO at 3-4.

The Court filed the MOO on April 20, 2020. See MOO at 1. Later that same day, Ransom filed the Motion. See Motion at 1. In the Motion, Ransom seeks an unspecified extension of the April 15, 2020 show-cause deadline to respond to the Show Cause Order. See Motion at 1. Ransom explains the state judge revoked his probation and sent him back to custody at the Central New Mexico Correctional Facility ("Central NM"). See Motion at 1, 3. In the Motion, Ransom further indicates that his living situation is uncertain, and that he will provide a new address at some point. See Motion at 1-2.

The New Mexico inmate locator website reflects that Central NM released Ransom after he filed the Motion, and he is not currently in custody. See Offender Search, New Mexico Corrections Department, https://search.cd.nm.gov/ (last visited on February 24, 2021). The Court takes "judicial notice of th[e] information regarding [Ransom's] release that is available to the public on the . . . inmate locator" websites. United States v. Robles-Ortega, No. 08-2143, 2009 WL 1969936, *1 n. 1 (10th Cir. July 9, 2009)(unpublished).[1]   See also Triplet v. Franklin, No.

_____

[1]The Court relies on United States v. Robles-Ortega and other unpublished Tenth Circuit

06-6247, 365 F. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010)(unpublished)(taking judicial notice of Oklahoma Department of Corrections' website); <u>N.M. ex rel. Richardson v. Bureau of Land Mgmt.</u>, 565 F.3d 683, 702 n. 22 (10th Cir. 2009)(taking judicial notice of information on "[t]he websites of two federal agencies"); <u>Tenorio v. Gerlach</u>, No. CIV 18-0240 JB/CG, 2020 WL 1308648, at *1 (D.N.M. Mar. 19, 2020)(Browning, J.)(explaining that courts are entitled to take judicial of inmate locator websites).   Ransom also failed to provide an updated address as D.N.M. LR-Civ. 83.6 requires, and as he promised to do nearly ten months ago.   <u>See</u> Motion at 1-2.

Because Ransom filed the Motion after entry of the MOO and Judgment dismissing his habeas case, the Court will consider whether there are grounds to set aside the dismissal ruling and allow Ransom to respond to the Show Cause Order.

## <u>ANALYSIS</u>

A motion to set aside a judgment filed within twenty-eight days of its entry is generally analyzed under rule 59(e) of the Federal Rules of Civil Procedure.   <u>See</u> <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991); <u>Manco v. Werholtz</u>, 528 F.3d 760, 761 (10th Cir. 2008).   Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."   <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e).   <u>See</u> <u>Phelps v. Hamilton</u>, 122 F.3d 1309, 1324 (10th Cir. 1997).

---

opinions herein to the extent their reasoned analysis is persuasive in the case before it.   <u>See</u> 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."   <u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005).

After carefully reviewing the Motion and the record, the Court concludes Ransom has not demonstrated grounds for relief under Rule 59(e).   Ransom does not offer new evidence, and the law has not changed regarding procedural dismissals under rule 41 of the Federal Rules of Civil Procedure.   The Court dismissed Ransom's habeas action under rule 41 after he repeatedly severed contact with the Court and failed to prosecute his habeas action after his release from custody.   See MOO at 3-4.   Ransom filed the instant Motion after briefly reentering prison, but again severed contact after his release.   See Motion at 1.   The Court has waited over ten months for Ransom to update his address, as promised, but he failed to comply.   The Court currently has no way to contact Ransom in connection with this proceeding.   See Mail Returned as Undeliverable (dated May 4, 2020), filed May 4, 2020 (Doc. 16).   Accordingly, the Court declines to set aside the MOO or Final Judgment and reopen this case.   The Court will deny the Motion, to the extent Ransom either seeks an extension of time to respond to the Show Cause Order, or reconsideration of the MOO and Final Judgment.

**IT IS ORDERED** that the Plaintiff's Motion for Extension to File Petition to Show Cause, filed April 20, 2020 (Doc. 15), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Quinn A. Ransom
Albuquerque, New Mexico

*Plaintiff pro se*